Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Northern District of California

___Civil Magistrate_____ Division

**FILED**

**NOV 07 2023**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Case No. **CV23  5739**

*(to be filled in by the Clerk's Office)*

**LJC**

Mayer Amschel Rothschild

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Stephen Wagstaffe, District Attorney San Mateo county
Todd H. Master, Attorney
Jenni li. Attorney
city of Burlingame

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if
needed.

| | |
|---|---|
| Name | Mayer Amschel Rothschild |
| Street Address | 8890 Salrose Lane  Suite 204 |
| City and County | Fort Myers.  Lee county |
| State and Zip Code | Fort Myers, Fl.  33912 |
| Telephone Number | 239 595 5895 |
| E-mail Address | mayeramschelrothschild1@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation.  For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Stephen Wagstaffe |
| Job or Title *(if known)* | District Attorney |
| Street Address | 400 County Center |
| City and County | /Redwood City. San Mateo county |
| State and Zip Code | California. 94063 |
| Telephone Number | 650 363-4636 |
| E-mail Address *(if known)* | da_info@smcgov.org |

Defendant No. 2

| | |
|---|---|
| Name | Todd h. Master |
| Job or Title *(if known)* | Attorney |
| Street Address | 1900 Farrell   Suite 200 |
| City and County | San Mateo. San Mateo county |
| State and Zip Code | California   94403 |
| Telephone Number | 650-365-7715 |
| E-mail Address *(if known)* | tmaster@hrmrlaw.com |

Defendant No. 3

| | |
|---|---|
| Name | Jenny Li |
| Job or Title *(if known)* | Attorney |
| Street Address | 1900 Farrell St.  Suite 280 |
| City and County | San Mateo |
| State and Zip Code | California. 94403 |
| Telephone Number | 650-365-7715 |
| E-mail Address *(if known)* | jli@hrmrlaw.com |

Defendant No. 4

| | |
|---|---|
| Name | city of Burlingame |
| Job or Title *(if known)* | |
| Street Address | Primrose lane |
| City and County | BURLINGAME |
| State and Zip Code | CA.  94010 |
| Telephone Number | tel:650-558-7263 |
| E-mail Address *(if known)* | mguina@burlingame.org |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

  ☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
Violation of civil rights  violation of 14th amendment rights.  ADA  and Violation of 4th Amendment

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

  a.    If the plaintiff is an individual

The plaintiff, *(name)* Mayer Amschel Rothschild                          , is a citizen of the State of *(name)* Florida                          .

  b.    If the plaintiff is a corporation

The plaintiff, *(name)*                          , is incorporated under the laws of the State of *(name)*                          ,

and has its principal place of business in the State of *(name)*                          .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

  a.    If the defendant is an individual

The defendant, *(name)* Stephen Wagstaffe                          , is a citizen of the State of *(name)* California                          . Or is a citizen of *(foreign nation)*                          .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
$ 265,000,000.00.  pursuant to a dismissal to file in federal court
21CIV 06777

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
See Attached

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

pursuant to Civil case filed in San Mateo county court.  21CIV06777
original amount requested  $ 265,000,000.00

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           October 16, 2023

Signature of Plaintiff           *Mayer Amschel Rothschild*

Printed Name of Plaintiff      Mayer Amschel Rothschild

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print        Save As...        Add Attachment        Reset

1  MAYER AMSCHEL Rothschild
    8890 Salrose lane
2  Suite 204
    Fort Myers , Florida 33912
3  Phone Number 239-595-5895
    Email: mayeramschelrothschild1@gmail.com
4

5

6
                        UNITED DISTRICT COURT
7
                  NORTHERN DISTRICT OF CALIFORNIA
8

9
    MAYER AMSCHEL ROTHSCHILD,          ) Case No.:
10                                       ) **ASSIGNED FOR ALL PURPOSES TO:**
                        Plaintiff(s),    ) **JUDGE**
11                                       )
                                         )
    vs.                                  )
12                                       ) VIOLATION OF THE 14TH AMENDMENT
    STEPHEN WAGSTAFFE                    ) RIGHTS OF THE PLAINTIFF
13                                       ) VIOLATION OF THE 4TH AMENDMENT
    JOEL MCCOMB                          ) CIVIL CONSPIRACY
14                                       ) UNFAIR BUSINESS PRACTICES
    TODD H. MASTER                       ) BREACH OF CONTRACT
15                                       ) TORTIOUS INTERFERENCE WITH
    JENNI LI                             ) BUISINESS EXPECTANCY
16                                       )
    CITY OF BURLINGAME                   )
17                                       )
                                         ) Judge:
18                                       ) Dept:    (CIVIL MAGISTRATE JUDGE)
                                         ) Action Filed: (OCTOBER 15,2023)
19                                          Trial Date: ( Unassigned)
                        Defendant(s).
20

21              **INTRODUCTION**

22  SAN MATEO county action (21CIV06777) has recently ruled by and between Plaintiff. Thomas A.

23  Cady, who changed his legal name to (Mayer Amschel Rothschild), and Defendant City of

24  Burlingame, and granted leave for plaintiff to file in Federal District Court for violation of the 14th

25  and 4th Amendment rights of Plaintiff. This Federal Action is a result of that ruling. Further,

26  Plaintiff noticed so many flagrant violations that Plaintiff has attempted twice to file for complete

27  removal from San Mateo County court and file in Federal District Court.

28              **JURISDICTION**

                                    - 1 -
    Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

I.      DIVERSITY JURISDICTION

     A.   I, [Mayer Amschel Rothschild], am the plaintiff in this matter hereinafter referred to as (Plaintiff)

     B.   Plaintiff lives 8890 Salrose Lane, Suite 204, Fort Myers, Florida 33912

     C.   This court has jurisdiction over this matter pursuant to [Diversity Jurisdiction in that Plaintiff lives and resides and domiciled In Florida at the above address.

     D.   Stephen Wagstaffe, District Attorney of San Mateo, is domiciled in San Mateo county as a prerequisite of service in this position.

     E.   Todd H. Master is a practicing attorney in San Mateo county, and offices with co defendant Jenny Li at 1900 Farrell St. Suite 200, San Mateo, Ca. 94003

     F.   City of Burlingame is a local city and maintains its offices in Burlingame, Ca.

     G.   Venue is proper in this court as the property is located within its jurisdiction and qualifies for diversity jurisdiction.

     H.   All defendants are residents and reside permanently and Plaintiff lives out of state in Florida on a permanent basis.

II.      SUBJECT MATTER DIVERSITY JURISDICTION

     I.   VIOLATION OF THE 14TH AMENDMENT of the rights of the plaintiff is against the law, further the District Attorney Stephen Wagstaffe colluded with Defense Attorneys Todd Master and Jenny Li of a Civil Action between Plaintiff and the city of Burlingame, Defendant( 21CIV06777).

To establish diversity jurisdiction, a party must show that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. To determine citizenship, courts will look at a person's domicile, which is generally where they reside with the intent to remain.

For corporations, citizenship is determined by the state of incorporation and the state where the principal place of business is located.

Several of the cases cited above discuss the requirements for establishing diversity jurisdiction. The most common elements mentioned are the need for complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. For example, in Aminiasl v. Volkswagen

- 2 -

Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

1   Grp. of Am., the court discusses these requirements in detail, noting that the defendant has the burden

2
3   of establishing that removal is proper. Similarly, in Corrales v. Chase Home Fin. LLC, the court

4   reiterates the need for complete diversity and an amount in controversy exceeding $75,000. Several

5   cases also address the question of how to determine a party's citizenship for diversity purposes. In

6   Aminiasl, the court notes that a person's residence is prima facie evidence of domicile and citizenship.

7
8   In Corrales, the court discusses the importance of properly alleging citizenship, and in Morse v. G4S

9   Secure Sols. (U.S.), the court provides an example of how it analyzed whether diversity existed

10  between the parties. In Enriquez v. Sirius XM Radio, Inc., the court discusses the importance of

11
12  determining the location of a corporation's principal place of business. While these cases provide

13  helpful guidance, none of them specifically address the situation in the research request, where the

14  defendant resides in Idaho and the action is in California. However, the principles discussed in the

15  cases should still apply. As long as the defendant can show that he is domiciled in Idaho, and that the

16
17  amount in controversy exceeds $75,000, diversity jurisdiction should be established.

18  - **United States v. Marshank is relevant because it discusses the impact of
19    government interference with the attorney-client relationship on a
     defendant's due process rights.** "Under Irwin and Horowitz, interference with
20    the attorney-client relationship is not enough, in and of itself, to constitute a
     due process violation. There must also be prejudice to the defendant. Irwin,
21    612 F.2d at 1187. Prejudice may manifest itself in a number of ways, including
     use of evidence gained through the interference, use by the prosecution of
22    confidential information regarding defense plans and strategy, or destruction
23    of the attorney-client relationship."

24  "United States v. Rogers, 751 F.2d 1074, 1078 (9th Cir. 1985). The appropriate
25  remedy for a Fifth Amendment violation is generally suppression of the
     evidence."
26
     - **U.S. v. Danielson, 325 F.3d 1054 (9th Cir. 2003)**
27
28   **U.S. v. Danielson is relevant  because it discusses the implications of
     government interference with the attorney-client relationship, which is at**

- 3 -

issue in the request. However, the case is from the 9th Circuit and may not be binding in the jurisdiction of the research request.

"The centerpiece of our analysis must be Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). In Weatherford, plaintiff Bursey sued Weatherford, a law enforcement agent who had worked undercover on Bursey's criminal case, under 42 U.S.C. § 1983."

"This case is materially different from Weatherford."

"The question of prejudice remains."

"It is true that once the government has improperly interfered with the attorney-client relationship and thereby obtained privileged trial strategy information, the prosecutor has the "heavy burden" of showing non-use.

- **Park v. Thompson, 851 F.3d 910 (9th Cir. 2017)**

Park v. Thompson is relevant  because it discusses the causal connection between a prosecutor's interference with a witness and the witness's refusal to testify, which is analogous to the alleged interference by the district attorney and tax collection personnel.

"In light of all of the allegations taken together, including that Thompson called Ayala for an admittedly non-investigatory purpose, misrepresented the evidence against Park, implicitly suggested that Ayala's former abuser was upset with her, proclaimed Gilmore's innocence and Park's guilt, and maligned the defense investigators, we conclude that Park has adequately pleaded a causal connection between Thompson's phone call and Ayala's decision to renege on her original commitment to testify for the defense. 2. Materiality Although it is true, as the district judge noted, that the actions of the trial judge, the prosecutor, Ayala's defense lawyer, and Ayala herself represent contributing causes to Ayala's ultimate refusal to testify, the fact that the actions of other individuals also contributed to Ayala's decision does not mean that Thompson's phone call did not have a sufficient causal connection to Ayala's refusal: the subsequent actions of the prosecutor, judge, and Ayala's lawyer are not, drawing all inferences in Park's favor, unforeseeable intervening causes that would break the chain of proximate causation set in motion by Thompson's acts of persuasion. Causation in this case is, moreover, ultimately a question for the finder of fact to decide."

"Park must also "make some plausible showing" of how the potential witness's testimony "would have been both material and favorable to [her] defense" to establish a violation of her compulsory process and fair trial rights."

- 4 -

"The district court was incorrect to characterize this issue as an open question, and his order is inconsistent with the established law of this circuit: our binding precedent clearly explains that an acquittal does not bar a Section 1983 action based on a due process violation during an underlying criminal proceeding."

"Park was deprived of her principal and apparently sole defense—that a third party was guilty of the murder—due to Thompson's alleged interference with Ayala's testimony."

- **Chaudry v. Cnty. of San Diego, 21cv1847-GPC(AHG) (S.D. Cal. Sep. 20, 2022)**

**The case is relevant because it discusses the Tax Injunction Act and the principle of comity, both of which could bar a federal court from hearing a case that challenges a state tax assessment.  where the plaintiff alleges interference by the district attorney and tax collection personnel.**

"Discussion A. Legal Standard as to Federal Rule of Civil Procedure 12(b)(1) "It is a fundamental principle that federal courts are courts of limited jurisdiction."

"Under Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1)."

"Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations.""

"Plaintiff responds that the TIA does not apply because there is no plain, speedy and efficient remedy in state court due to Defendants' fraud and conspiracy. (Dkt. No. 24 at 12.)"

"Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 586, 589 (1995) ("Though federal courts are obliged to hear § 1983 claims, it is clear that they may not award damages or declaratory or injunctive relief in state tax cases when an adequate state remedy exists.")."

III. PARTIES

J.   The plaintiff, [MAYER AMSCHEL Rothschild], is an individual residing IN Florida.

K.   The defendant(s), involved in a joint conspiracy live and reside in California on a permanent basis.

L.   Stephen Wagstaffe is the District Attorney for the County of San Mateo.

M.   Todd Master and Jenni Li both work as Attorneys at Ridley Master in San Mateo, Ca.

N.   The City of Burlingame was the defendant in the case 21CIV 06777,

- 5 -

O.   IV. STATEMENT OF FACTS

1.   Rothschild was in civil litigation with the City of Burlingame.

2.   Rothschild was in criminal prosecution by Stephen Wagstaffe, under case # 19SF014863a for accepting a $ 2,000.00 deposit for Contractor's rule and regulations.

3.   Stephen Wagstaffe and Assistant District Attorney Joel McComb continually solicited the Defense Attorneys for information about the civil case Plaintiff was engaged City of Burlingame Defendant.

This is a conflict of interest for the deputy district attorney to be involved in both cases, as they could

use information from one case to help their case in the other.

4. The California Code of Judicial Ethics prohibits lawyers from engaging in

Conduct that would " CREATE AN APPEARANCE OF IMPROPRIETY." This includes colluding

with opposing counsel in a civil matter that could prejudice the outcome of a case.

5.    Deputy District Attorney and the defense attorney colluded and shared information in order to

cause the person to be discredited or impugned, they should be charged with a number of crimes

including.

1. Conspiracy to commit a crime
2. Obstructing Justice
3. Perjury

6. Deputy District Attorney hid behind the cloak of conspiracy by sending in a woman who worked

for revenue services, and testified in my trial.

7. Both individuals were communicating, but the Department of Revenue hid behind noble causes

such as collecting money for the State of California.

8. This illegal purpose helped Deputy District Attorney Joel Mccomb to seemingly stay clean from

unethical and illegal efforts.

IV,     TORTIOUS INTERFERENCE WITH CONTRACT

Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

1  The defense attorneys and the Deputy District Attorney have tortiously interfered

2  with the Plaintiff by sharing confidential information about the case.

3  DEFAMATION

4  The defense attorneys and the deputy District Attorney have defamed the plaintiff by making false
5  and defamatory statements about plaintiff.

6  9. MISREPRESENTATION

7  Defense attorneys and the Deputy District Attorney have misrepresented their intentions to Plaintiff
8  by concealing their collusion with the district attorney.

9  10. The California Code of Judicial Ethics prohibits lawyers from engaging in conduct that "would
   create an appearance of impropriety." This includes colluding with opposing counsel in a way
10 that could prejudice the outcome of a case. People v. Evaro discusses the importance of
   applying the correct legal standard when determining whether to disqualify a prosecutor
11 from a case, which is relevant to

12

13
   Both individuals were communicating, but the Department of Revenue hid behind noble causes
14 such as collecting money for the State of California.

15 11.    This illegal purpose helped Deputy District Attorney Joel Mccomb to seemingly stay clean
16 from unethical and illegal efforts.

17 e the outcome of a case. People v. Evaro discusses the importance of applying the correct
   legal standard when determining whether to disqualify a prosecutor from a case, which is
18 relevant to the research request's discussion of potential conflicts of interest for the deputy
19 district attorney.

20 12.    American Airlines v. Sheppard discusses the California Rules of Professional
   Conduct, which prohibit lawyers from engaging in conduct that creates an appearance
21 impropriety. Although the case does not specifically address the issue of a deputy

22
   district attorney colluding with a defense attorney, it does address the broader issue of
23 conflicts of interest and the duty of lawyers to maintain client confidences.
24 13    . People v. Gann discusses the admissibility of statements made in furtherance of
   conspiracy, as well as the right to confront adverse witnesses. This case is relevant to

25
   the research request's discussion of conspiracy to commit a crime.
26
27 MOTION TO DISMISS AND LEAVE TO FILE IN FEDERAL DISTRICT COURT 73

28

Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

1  the research request's discussion of potential conflicts of interest for the deputy district
2  attorney.

3  14. American Airlines v. Sheppard discusses the California Rules of Professional Conduct,
   which prohibit lawyers from engaging in conduct that creates an appearance impropriety.
4  Although the case does not specifically address the issue of a deputy

5
   district attorney colluding with a defense attorney, it does address the broader issue of
6  conflicts of interest and the duty of lawyers to maintain client confidences.
   15.     People v. Gann discusses the admissibility of statements made in furtherance of
7  conspiracy, as well as the right to confront adverse witnesses. This case is relevant to

8
   the research request's discussion of conspiracy to commit a crime.
9

10

11

12  THIRD CLAIM CIVIL RIGHTS VIOLATIONS

13  16. The Fourteenth Amendment to the US Constitution explicitly prohibits states from
    abridging the privileges or immunities of citizens, depriving any person of life, liberty, or
14  property without due process, or denying any person equal protection of the laws. This
    authority is directly on-point, from a high authority, and not overruled or reversed. If the
15  situation at hand involves a state actor, the Fourteenth Amendment may be

16
    implicated.
17  17     The case of McDonald v. Santa Fe Trail Transportation Co. is also relevant,
    as it directly addresses the question of whether Title VII and 42 U.S.C. § 1981 protect
18

19  white employees from racial discrimination, and holds that they do. If the situation at

20  hand involves racial discrimination in the workplace, this case may be applicable. Several
    state statutes are also relevant.
21  18.     For example, in New Mexico, the statutes 41-4A-4 and 41-4A-3 specifically address
    the deprivation of rights, privileges, or immunities secured by the New Mexico constitution,
22  and allow for an action to establish liability and recover damages. If the situation at hand
23  occurred in New Mexico, these statutes may be applicable.

24  19.     In Illinois, the statutes 15 ILCS 205/10 and 20 ILCS 1805/30.30 explicitly state
25  violation of the statute constitutes a civil rights violation under the Illinois Human Rights
    Act. If the situation at hand occurred in Illinois, these statutes may be applicable.
26  25. Finally, the cases of Devereaux v. Perez, Chapman v. Guessford, and Fedele v.
    School Committee of Westwood all address various civil rights claims, including due
27  process, equal protection, and discrimination. These cases may be relevant if the situation
28  at hand involves similar claims.

Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

### III. ADA VIOLATIONS TITLE II ALCOHOLISM

20.    During the trial for a misdemeanor and contending with Todd Master and his

oppressive and illegal antics, the plaintiff was struggling with alcoholism and that this was affecting his ability to react to and to defend himself against the defendant's oppressive and illegal antics.

21.    The plaintiff's alcoholism was compromising his ability to react and defend himself because it was affecting his judgment, his decision making, and his physical coordination.

22.    The Plaintiff has been more likely to make impulsive decisions or to lash out in anger if he was intoxicated. Plaintiff also has been less able to think clearly or to assess the situation accurately. Additionally, Plaintiff's physical coordination might have been impaired, making it difficult to defend himself physically.

could have made him more vulnerable to the defendant''s attorney's abuse. The Defendant's attorneys have take advantage of the Plaintiff's impaired judgment or his physical vulnerability by demonstrating bullying or intimidation.

23. Plaintiff can prove it affected his ability to understand or consent to the defendant's Attorney's actions.

24. In the case with Deputy District Attorney, the Plaintiff might not have been able to understand the terms of the offer or to give his consent freely.

### IV. FRUIT FROM THE POISONOUS TREE

25.    Plaintiff will file a federal action, and therefore will be able to bar the current

attorneys and disallow all pleadings before as fruit from the poisonous tree.

26.    This is a legal doctrine that prevents the use of evidence that was obtained as a result of illegal or unethical conduct.

27.    Plaintiff will show in evidentiary hearings and evidence produced and presented,

The Attorney's conduct was illegal or unethical and the evidence was obtained as a result of that conduct.

28.    The evidence concocted by Defense attorney's is not admissible for any other reason.

29.    The court will bar the current attorneys from participating in the case and will disallow all all pleadings that were filed before the illegal or unethical conduct occurred

30.    This action, if adopted by the Court, will effectively start the case over from scratch.

- 9 -

1

2

3    FOURTH CLAIM

4    A. Civil Conspiracy

5    B. To establish a claim for civil conspiracy, the plaintiff generally must prove: (1) an agreement

6       between two or more persons; (2) to commit an unlawful act or to do a lawful act in an unlawful

7       manner; (3) an overt act in furtherance of the conspiracy; and (4) damages to the plaintiff as a

8       result.

9    C. The Plaintiff alleges that the defendant engaged in civil conspiracy in relation to the matters

10      described above.

11   D. The Defendant(s), along with one or more coconspirators, entered into an agreement of

12      understanding to engage in unlawful acts or conduct.

13   E. In their brief, the defendants point to Pennsylvania precedent that holds that a claim of civil

14      conspiracy cannot be pled without also alleging an underlying tort. See, e.g., Nix. v. Temple Univ.,

15      596 A.2d 1132, 1137 (Pa. Super. Ct. 1991); Pelagatti v. Cohen, 536 A.2d 1337, 1342 (Pa. Super. Ct.

16      1987). They fail, however, to cite authority for the proposition that once an underlying tort has

17      been alleged, only a finding that the underlying tort has occurred will allow an appellate court to

18      sustain a similar finding on the civil conspiracy charge. The rule that civil conspiracy may not exist

19      without an underlying tort is a common one. See In re Orthopedic Bone Screw Prods. Liab. Litig.,

20      193 F.3d 781, 789 n. 7 (3d Cir. 1999) (collecting cases). Indeed, "we are unaware of any jurisdiction

21      that recognizes civil conspiracy as a cause of action requiring no separate tortious conduct." Id. at

22      789. It is not surprising that there are few cases dealing with the sort of mixed verdict we have

23      here, as a jury would not logically be expected to determine that civil conspiracy occurred, but that

24      the underlying tort did not. Candidates for such verdicts would usually be screened out at the

25      summary judgment or pleading stage, and that is indeed where most precedents that state the

26      underlying tort rule are to be found

27   F. The plaintiff suffered damages as a direct result of the defendant's participation in the civil

28      conspiracy

Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

FIFTH CLAIM

## TORTIOUS INTERFERENCE WITH BUISINESS EXPECTANCY

A. Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal.4th 376 (Cal. 1995) It follows that the tort may be satisfied by intentional interference with prospective economic advantage by independently tortious means. (Accord, e.g., Top Serv. Body Shop, Inc. v. Allstate ins. Co., supra, 283 Or. at pp. 209-210 [582 P.2d at p. 1371]; Prosser Keeton, The Law of Torts, supra, Interference With Prospective Advantage, § 130, pp. 1014-1015; Myers, The Differing Treatment of Efficiency and Competition in Antitrust and Tortious Interference Law, supra, 77 Minn. L.Rev. at p. 1149; Perlman, Interference With Contract and Other Economic Expectancies: A Clash of Contract and Tort Doctrine, supra, 49 U. Chi. L.Rev. at pp. 97-99; Dobbs, Tortious Interference With Contractual Relationships, supra, 34 Ark. L.Rev. at pp. 365-366; see, e.g., Leigh Furniture and Carpet Co. v. Isom, supra, 657 P.2d at p. 304 [following Top Serv. Body Shop]; Rest.2d Torts, § 766B, com. e, p. 23.)

B. Each Defendant beginning with STEPHEN WAGSTAFFE, with interference with Plaintiff's rights.

C. Defendants did interfere in the litigation of civil case by interfering with the legitimate money claim against the city of Burlingame.

FIFTH CLAIM

A. NEGLIGENCE AND NEGLIGENCE PER SE

B. In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig., MDL No. 2875 (RBK/KW) (D.N.J. Feb. 3, 2021) Based on this standard, the Court finds the LAPLA subsumes: the PIMC claims of strict liability (all variants), negligence, negligence per se, breach of express warranty, breach of implied warranty, fraud, negligent misrepresentation, wrongful death, survival, loss of consortium, and punitive damages; and the MMMC claims of negligence, negligence per se, medical monitoring, manufacturing defect, failure to warn, breach of implied warranty, breach of express warranty, and fraud; and the ELMC claims of breach of express warranty, breach of implied warranty, fraud, negligent misrepresentation, unjust enrichment, negligence, and negligence per se

C. Incorporated Vil. of Garden City v. Genesco, Inc., 596 F. Supp. 2d 587 (E.D.N.Y. 2009) In addition to the federal claims enumerated above, plaintiff also brings a series of claims under New York State

- 11 -

1   law. Specifically, plaintiff asserts that it is entitled to damages for defendants' actions under the

2   theories of private nuisance, public nuisance, trespass, negligence, negligence per se and

3   indemnification. Plaintiff also seeks an order directing defendants to abate the situation at the Site

4   pursuant to its claims of private and public nuisance, trespass and negligence. Defendants argue

5   that plaintiff's claims for private and public nuisance, trespass, negligence and negligence per se are

6   time-barred under C.P.L.R. § 214-c and/or all state common law claims are barred in whole under

7   the theory of laches. Defendants further assert that plaintiff's indemnification claim is time-barred

8   and its negligence per se claim fails to state a cause of action. Finally, defendants argue that any

9   injunctive relief sought by plaintiff runs afoul of the doctrine of primary jurisdiction, thus

10  warranting a stay or dismissal of all such claims

11  D.  All three (3) defendant(s) were negligent as follows:

12  E.  Defendants were negligent in collaborating on Plaintiffs confidential material and future testimony

13      in the civil litigation.

14  F.  Defendants were negligent to inform Plaintiff of their conversations and interaction, meetings.

15  G.  Defendants were negligent in assurance to the city of Burlingame they were dealing with the

16      situation and that I was only an abusive alcoholic who did not know what he was talking about.

17  .

18

19

20

21  V. Conclusion

22  A. In light of the foregoing, [Mayer Amschel Rothschild], asks for the original amount of

23      claim for  $ 265,000,000.00.

24

25

26

27  DATED:  Ocdtober 16, 2023

28

- 12 -

Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

1

//s// Mayer Amschel Rothschild//s//
Mayer Amschel Rothschild

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Breach of Quiet enjoyment, Violation of ADA Fair Housing, Negligence Negligence per se., Fraud Conspiracy et al.

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
9/7/2023 12:20:10 PM
Filing ID 16558717

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

In the Matter of:

Thomas E. Rothschild

_____
Name of Applicant

**Case Number:**     cv 2023 011147
                    _____

## ORDER CHANGING NAME OF AN ADULT

## THE COURT FINDS:

1.    This case has come before this Court
      ☒ to change the current legal name of the Applicant.
      ☒ to change the birth record of the Applicant

2.    This Court has jurisdiction to change the legal name and/or the Birth Record of the Applicant.

3.    Good cause exists to grant the application for change of name.

## THE COURT ORDERS:

1.    ☒ **The current legal name of the Applicant:**

| Thomas | Etienne | Rothschild |
|--------|---------|------------|
| First  | Middle  | Last       |

Date of Birth: August ___ 1 ___ 1948
              Month    Day     Year

Place of Birth: Memphis ___ Tennessee ___ United States
               City        State          Nation

**IS CHANGED TO:**

| Mayer | Amschel | Rothschild |
|-------|---------|------------|
| First | Middle  | Last       |

Page 1 of 2

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ORD

CVNC81f-021716

Case No. _____ CV2023 011147

☒  **The Birth record name of the Applicant:**

| Thomas | Etienne | Rothschild |
|---|---|---|
| First | Middle | Last |

Date of Birth:

| August | 1 | 1948 |
|---|---|---|
| Month | Day | Year |

Place of Birth:

| Memphis | Tennessee | United States |
|---|---|---|
| City | State | Nation |

**IS CHANGED TO:**

| Mayer | Amschel | Rothschild |
|---|---|---|
| First | Middle | Last |

**2.**  ☐ For a person born in the State of Arizona, the Office of Vital Records is ordered to amend the birth record to reflect the new name as above ordered.

☒ For a person born in any other state, to the extent that the agency that maintains birth records in that state is authorized to honor an order of this Court, that agency is requested or ordered to amend its birth records to reflect the new name as above ordered.

**3.**  This Order does not release the Applicant from any obligations incurred or harm any rights of property or action in any original name.

**4.**  Other orders: _____

**DONE IN OPEN COURT:** 9/7/2023
Date

_Judicial Officer_

Commissioner Mary C. Cronin

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ORD

Page 2 of 2

CVNC81f-021716

The foregoing instrument is a full, true and correct copy
of the original electronically filed document on file with
the Clerk of the Court.

Attest_____ 9/27/ 20, 23

JEFF FINE, Clerk of the Superior Court of the
State of Arizona, in and for the County of Maricopa.

By _____Deputy